UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EARL L. JACKSON, III,<br><br>        Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>        Respondent. | Case No. 4:09-cv-286-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for consideration is the Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits filed June 14, 2009, by Earl L. Jackson, III ("Petitioner"). The Court has reviewed the Petition for Review and the Answer, the parties' memoranda and the administrative record (AR). For the reasons that follow, the Court will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Supplemental Security Income on September 22, 2006, alleging disability due to hepatitis C, cirrhosis of the liver, bilateral degenerative joint disease of the hips, depression, anxiety, and a history of alcohol abuse. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge ("ALJ") Alejandro Martinez conducted a hearing on October 9, 2008, taking testimony from Petitioner, medical expert Margaret Moore, Ph.D., and vocational expert Richard G. Taylor, Ph.D. ALJ Martinez issued a decision finding Petitioner not disabled on November 19, 2008. (AR 13–23.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner. (AR 3–5.) Petitioner appealed this final decision to the Court which has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing before ALJ Martinez, Petitioner was 49 years of age. He has an eighth grade education and no vocational training. His past relevant work includes work as a sheet rocker.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ

**MEMORANDUM DECISION AND ORDER - 2**

found Petitioner had not engaged in substantial gainful activity since September 22, 2006, the application date and amended onset date.[1]

At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found that the Petitioner had the following severe impairments: hepatitis C, cirrhosis of the liver, bilateral degenerative joint disease of the hips, depression, anxiety, and a history of alcohol abuse (in remission).

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for any of the listed impairments. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that, although Petitioner had the residual functional capacity to perform sedentary work, Petitioner was not able to perform his past relevant work as a sheet rocker.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's RFC, age, education and work experience. At step five, the ALJ determined that Petitioner had acquired work skills from

---

[1] The original alleged onset date was July 15, 1999, but the Petitioner amended it at the time of the hearing to September 22, 2006, and also indicated a willingness to amend to February 4, 2007, given the extent of Petitioner's alcohol use prior to that time. (AR 276, 277.)

**MEMORANDUM DECISION AND ORDER - 3**

his past relevant work as a sheet rocker that were transferable to performance of sedentary unskilled work as an order clerk or a telephone quotation clerk without the acquisition of new skills. Therefore, the ALJ found Petitioner not disabled.

## STANDARD OF REVIEW

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a

preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court should not disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). *See also, Carter v. Astrue*, 295 Fed. Appx. 868, 870 (9th Cir. 2008). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**ANALYSIS**

In his Petition for Review, Petitioner raises three challenges to the ALJ's Decision that he is not disabled. First, Petitioner claims the ALJ erred by failing to properly evaluate Petitioner's testimony regarding the severity of his impairments. Second, at step four, Petitioner claims the ALJ erred by failing to properly evaluate the opinion of Petitioner's treating physician, Dr. Salness, regarding Petitioner's RFC. Petitioner's third and final claim is that the ALJ erred at step five of the sequential process by failing to properly evaluate whether there was work available in the national economy that Petitioner could perform. More specifically, Petitioner argues that the ALJ failed to inquire of the vocational expert, Richard Taylor, Ph.D, whether his opinion that Petitioner had the skills required to perform the occupations of order clerk or telephone quotation clerk was consistent with the Dictionary of Occupational Titles. The Court will address each of Petitioner's challenges to the ALJ's Decision in turn.

**1. Evaluation of Petitioner's Credibility**

Petitioner challenges the ALJ's determination that Petitioner's testimony during the hearing was not fully credible regarding the severity of his physical and mental impairments. In particular, Petitioner challenges (1) the ALJ's determination that Petitioner's testimony about his activities of daily living contradicted the records and other information describing his activities; and (2) the significance the AJL placed on the sporadic treatment record for Petitioner's impairments when reaching the credibility determination. After finding "very little objective" bases to support Petitioner's alleged

**MEMORANDUM DECISION AND ORDER - 6**

chronic functional limitations, the ALJ concluded that Petitioner's subjective symptoms and description of his impairments were inconsistent with the medical evidence and a finding that Petitioner's physical or mental impairments would preclude the capacity to engage in simple, unskilled work.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Reddick*, 157 F.3d at 722. If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (holding that an ALJ may not discredit a claimant's subjective testimony on the basis that there is no objective medical evidence that supports the testimony). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Burch*, 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722.

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v.*

**MEMORANDUM DECISION AND ORDER - 7**

*Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

Because Petitioner's description of his symptoms suggested a greater degree of severity of impairment than shown by the objective medical evidence, ALJ Martinez properly proceeded to consider other evidence in the record when assessing Petitioner's credibility. Upon concluding that Petitioner's description of his symptoms during his testimony at the hearing was not fully "persuasive" or credible, ALJ Martinez stated that he found the "claimant's allegations are out-of-proportion to the medical findings, and generally not compatible or reasonably consistent with the medical evidence of record and all other evidence. . . ." (AR 18). The Court finds that the ALJ's conclusion was supported by substantial evidence in the record.

**MEMORANDUM DECISION AND ORDER - 8**

With respect to Petitioner's credibility, ALJ Martinez stated that: "since . . . the claimant's application date, there is very little objective basis to support claimant's alleged chronic functional limitations due to his physical and mental impairments." (AR 17.) The ALJ specifically noted that, after Petitioner was diagnosed with and treated for liver failure, the results of his physical examinations had been "wholly unremarkable" with "normal range of motion, strength and gait, and no vomiting, ascites or lower extremity edema." *Id.* When the claimant did see the doctor, "it was . . . common to find that he was in no apparent distress." *Id.*

With regard to Petitioner's complaints of pain symptoms from his limitations, the ALJ specifically referenced his awareness from the record that Petitioner had a history of ongoing pain issues related to his liver disease, hepatitis C and arthritis of the hips, as well as secondary depression and anxiety. However, he also specifically referenced the fact that the medical records, evaluations and laboratory findings had all been "within normal limits" and found it notable that Petitioner took "no prescription medication for pain control, he has required no extended periods of hospitalization for his impairments, his severe depression and anxiety have not been followed by mental health specialists and no physician has advised him to significantly reduce his performance of activities of daily living." (AR 19.)

As stated above, an ALJ cannot rely solely on a lack of objective evidence in determining that a claimant is not fully credible. The ALJ must identify specific evidence in the record in support of his determination. Here, ALJ Martinez relied on a variety of

**MEMORANDUM DECISION AND ORDER - 9**

specific evidence, including the medical records supporting the conclusions above and descriptions of Petitioner's daily activities provided by Petitioner and others on his behalf that conflicted with Petitioner's testimony during the hearing. ALJ Martinez discredited Petitioner's testimony about his extremely limited lifestyle due to his expressed need to lay down most of the day, because Petitioner's assertion was not supported in the records. Instead, throughout the applicable time period, the records indicated Petitioner was "capable of handling his own personal needs, caring for his animals (a total of 7), preparing simple meals, watching television, reading, handling his own finances, grocery shopping, and visiting with company two to three nights per week." (AR 18.) The ALJ concluded that such activities indicated that the Petitioner still had the physical range of motion and the mental capacity to perform the sedentary, unskilled work that the vocational expert identified. (AR 19.)

The Court finds that the ALJ's credibility findings with respect to Petitioner's daily activities are supported by substantial evidence in the record. The ALJ accurately noted that, while the Petitioner testified that he spent most of the day lying down, he never reported this to a physician or wrote it on his daily activity questionnaire. Instead, in the daily activities report completed by Petitioner's fianceé on September 12, 2007, she indicated he was able to feed and water and take care of six cats and one dog, although not walk the dog, and that he had limited problems taking care of his personal needs such as dressing, bathing (with help out of the tub), shaving, and feeding himself, including making small meals for himself. (AR 114.) It also was indicated that he could handle his

**MEMORANDUM DECISION AND ORDER - 10**

own finances and that he went shopping once a month but that his fianceé did most of it. (AR 116–117.)

The ALJ also found that there was little objective bases to support Petitioner's claims of mental impairment, noting that "treatment for his severe mental impairments has been, at best, quite sporadic and conservative." Although Petitioner had received medication for anxiety and depression, "he has had no specific mental health treatment," with no treatment records from any mental health provider. (AR 18.) Petitioner challenges the ALJ's conclusion regarding his mental impairments based upon Petitioner's testimony at the hearing that he had not pursued other mental health treatment because he has "no money at all." (AR 294.) Petitioner cites to Ninth Circuit authority that indicates social security benefits cannot be denied based on a claimant's failure to obtain medical treatment that would ameliorate his condition if he cannot afford the treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

The ALJ did not address Petitioner's suggestion that he had not received mental health treatment due to his financial situation. But the ALJ did find, as stated in his opinion, that evidence in the record from a psychological consultative examination of Petitioner by Mark Corgiat, Ph.D., on June 27, 2007, indicated, among other things, Petitioner presented himself without any significant symptoms of anxiety, his social skills were "quite good," his attention and concentration were normal, and he showed no severe deficit in adaptive functioning. (AR 18; 199–204.) The ALJ gave Dr. Corgiat's conclusory opinion that Petitioner's "combination of difficulties" he was experiencing on

**MEMORANDUM DECISION AND ORDER - 11**

June 27, 2007, would compromise Petitioner's ability to participate in "work-related mental activities" no weight, given the opinion was internally inconsistent with the remainder of Dr. Corgiat's own report. (AR 20.) At no time, however, did the ALJ discredit either Dr. Corgiat or Petitioner himself based on a failure on the part of Petitioner to seek and obtain mental health treatment that could ameliorate his symptoms.

Therefore, the Court finds that Petitioner's financial ability or inability to obtain mental health treatment was not pertinent to the determination of whether Petitioner was disabled. Accordingly, the ALJ did not err in failing to consider or address this issue.

## 2. Evaluation of Treating Physician's Opinion

As Petitioner's second challenge to the ALJ's decision, Petitioner contends that the ALJ failed to properly evaluate the opinion of Dr. Ty Salness who completed a RFC questionnaire on September 2, 2008. More specifically, Petitioner contends the ALJ erred by rejecting Dr. Salness's opinion. In his Decision, ALJ Martinez stated that he was "not accepting" Dr. Salness's opinion as it "is not well supported by medically acceptable clinical and diagnostic techniques, nor is it consistent with the rest of the medication evidence." (AR 9.) As explained below, the Court finds that the ALJ's was supported by substantial evidence in the record.

Ninth Circuit cases distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER - 12**

Generally, more weight is accorded to the opinion of a treating source than to nontreating physicians. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).

If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871

**MEMORANDUM DECISION AND ORDER - 13**

(9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

Reports of treating physicians submitted relative to Petitioner's work-related ability are persuasive evidence of a claimant's disability due to pain and his inability to engage in any form of gainful activity. *Gallant v. Heckler*, 753 F.3d 1450, 1454 (9th Cir. 1984). Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons supported by substantial evidence for rejecting such an opinion where it is uncontradicted. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Gallant*, 753 F.2d at 1454 (citing *Montijo v. Secretary of Health & Human Services*, 729 F.2d 599, 601 (9th Cir.1984); *Rhodes v. Schweiker*, 660 F.2d 722, 723 (9th Cir.1981)). Clear and convincing reasons must also be given to reject a treating doctor's ultimate conclusions concerning disability, especially when they are not contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

However, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been property discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Petitioner's account of his activities of daily living is another item that can be considered by the ALJ in determining what weight to give to a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Here, Dr. Salness's opinions are limited to those contained in a short Residual Function Questionnaire he completed on September 2, 2008, approximately one month before the hearing. (AR 240–242.) In the questionnaire, Dr. Salness opined that

**MEMORANDUM DECISION AND ORDER - 14**

Petitioner's RFC was extremely limited due to cirrhosis of the liver and degenerative joint disease of the hips. The AJL stated that he was "not accepting this opinion" because it was not well supported by medically acceptable clinical and diagnostic techniques, nor was it "consistent with the rest of the medical evidence. Treatment notes and other examinations show a degree of limitation but not to the point suggested by Dr. Salness." (AR 21.) For these reasons, the AJL "afforded little weight" to Dr. Salness's opinion in reaching his findings regarding Petitioner's ability to perform work- related activities.

Petitioner contends the ALJ erred when rejecting Dr. Salness's opinion, alleging that Dr. Salness was Petitioner's treating physician since October of 2007 and that the ALJ failed to provide substantial evidence for rejecting his opinion.[2] The Court finds that the ALJ did provide substantial evidence, as summarized above, for rejecting Dr. Salness's opinion. Furthermore, there are no treatment records from Dr. Salness in the record that support Petitioner's claim that Dr. Salness was his treating physician, other than a handwritten note of "10-7" in answer to question No. 1: "Nature, frequency and length of contact." It is unclear whether the answers to the questionnaire were findings of Dr. Salness from his personal examination or examinations of Petitioner, or from his review of records of others, or from reports from Petitioner. Additionally, there is no answer to question No. 8(c) that asked the total number of hours Petitioner could sit and

---

[2] Petitioner also claims that Dr. Salness's opinions were not controverted, discrediting the state agency's medical consultant's opinions regarding Petitioner's RFC rendered in 2007. (AR 219–234.) However, as the ALJ stated, these opinions were afforded the weight of expert medical opinions by non-examining physicians consistent with SSR 96-6p. (AR 21.)

**MEMORANDUM DECISION AND ORDER - 15**

stand/walk in an 8-hour work day and includes the answer "no" to question No. 11: "Are your patient's impairments . . . reasonably consistent with the symptoms and functional limitations described in this evaluation?" (AR 241.)

In summary, the Court concludes that the ALJ did not err by rejecting or giving little weight to the information provided by Dr. Salness in answer to the questionnaire and sufficiently explained his reasons, supported by the record, for doing so. The ALJ's reliance instead on medical treatment records, diagnostic studies, and opinions from state agency medical consultants justified rejection of Dr. Salness's opinions.

### 3. RFC Analysis

Petitioner's third and final challenge to ALJ Martinez's Decision relates to the undisputed failure of the ALJ to ask the Vocational Expert, Dr. Taylor, at step five whether his testimony that Petitioner had transferable skills to perform unskilled, sedentary work as an order taker or telephone call clerk was consistent with the description of the skills required to perform these jobs in the Dictionary of Occupational Titles ("DOT"). Petitioner contends that the failure of the ALJ to carry out his affirmative duty to ask the vocational expert whether his testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for the conflict, was error under SSR 00-4p and *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007). In response, Respondent does not disagree that the ALJ's failure to ask the question constituted error under SSR 00-4p, but asserts that the error was harmless and that Petitioner's interpretation of *Massachi* in the context of this case is overbroad. The Court agrees with Respondent, as explained

**MEMORANDUM DECISION AND ORDER - 16**

more fully below.

The hypothetical regarding Petitioner's impairments presented by ALJ Martinez at step five was comprehensive and consistent with the record. Petitioner did not object to the hypothetical or modify the hypothetical in connection with his cross examination of Dr. Taylor. Petitioner did not challenge the vocational expert's conclusion that Petitioner, despite his physical and mental limitations, could perform the simple, unskilled and sedentary work required to perform the two jobs identified by the vocational expert and as described in the DOT. Instead, Petitioner questioned Dr. Taylor and argued in his closing remarks about whether any employer would hire Petitioner based on his appearance (no front teeth and utilized a cane), his educational level (eighth grade) and his history of alcoholism that admittedly interfered previously with his ability to maintain employment. Petitioner did not raise any conflict between the testimony of Dr. Taylor and the DOT relative to the two jobs identified by Dr. Taylor. Further, there was no conflict apparent in the record itself.

In *Massachi*, the Ninth Circuit remanded a not disabled determination based on the ALJ's failure to ask the vocational expert a question about whether the vocational expert's opinion conflicted with the DOT. However, in that case, there was an apparent conflict identified between the vocational expert's testimony and the DOT. As the Ninth Circuit stated in that case, the court could not, upon de novo review of the ALJ's decision, determine whether the ALJ properly relied upon the vocational expert's opinion when the ALJ had not inquired about conflicts with the DOT and had not explained why

**MEMORANDUM DECISION AND ORDER - 17**

he relied upon the vocational expert's testimony despite these apparent conflicts. Where an ALJ relies on vocational expert opinions that conflict with the DOT, the record must contain persuasive evidence to support the deviation between the vocational expert's testimony and the DOT.

In this case, there was no conflict or deviation noted or otherwise apparent between the vocational expert's testimony and the DOT. Petitioner does not argue that there was any such conflict. Further, ALJ Martinez did state in his Decision that, "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (AR 22.) The question then is whether the ALJ's failure to ask a question that was not necessary to resolve a conflict, as none existed, would require remand of this case. The Court concludes that, to the extent the ALJ erred by not asking the question, his error was a harmless procedural error which does not require remand under the circumstances presented. This conclusion is supported by the *Massachi* decision[3] and the standard applicable to harmless error when, as here, the procedural error was inconsequential to the ultimate nondisability determination. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding error harmless if the mistake was not prejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion).

---

[3] *See Massachi*, 486 F.3d 1149, 1154 n.19 ("This procedural error could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts, as in Johnson. Instead, we have an apparent conflict with no basis for the vocational expert's deviation.")

**MEMORANDUM DECISION AND ORDER - 18**

# CONCLUSION

Based upon the foregoing review of the record, the ALJ's reasons for finding Petitioner to be not fully credible and for according Petitioner's treating physician's opinion little weight are supported by substantial evidence in the record as a whole. The ALJ's failure to inquire of the vocational expert whether Petitioner's transferable skills were consistent with the skills required to perform the identified jobs as described in the DOT was harmless error. Therefore, the ALJ's conclusion that Petitioner is not disabled is not the product of legal error and will be affirmed.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)  Plaintiff's Petition for Review (Dkt. 1) is **DISMISSED;**

2)  The Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED.**

DATED: September 29, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge